UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAHIM MCWILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-1096 |
| | ) | |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The case is before the court for a merit review of plaintiff's claims.  The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit while incarcerated at the Pontiac Correctional Center ("Pontiac") and was granted leave to proceed *in forma pauperis*.  His complaints appear to arise from his incarceration at Western Illinois Correctional Center, Stateville Correctional Center and Pontiac.  Plaintiff sues approximately 50 prison officials employed at the three facilities and does not make any specific allegations against any of them in the body of his complaint.  His complaint alleges generally that he was sexually abused/assaulted by staff and inmates, retaliated against for filing grievances, and that he is disabled under the Americans with Disabilities Act.

Plaintiff may be able to state a constitutional claim, but he needs to make specific allegations against each of the defendants in order for the Court to determine whether these claims should proceed together or separately in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits.").

Plaintiff's complaint is dismissed with leave to replead. Plaintiff's amended complaint must be a short and plain statement of the claim and must identify the individual defendants and specifically state what each defendant did or did not do to violate plaintiff's constitutional rights. Fed. R. Civ. P. 8.

IT IS THEREFORE ORDERED:

1.      Plaintiff's supplemental motion for leave to proceed *in forma pauperis* [10] remains pending until the Court determines whether plaintiff's amended complaint states a claim for relief. A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

2.      Plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order that complies with the Court's instructions above. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

3.      The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

ENTERED this 16th day of June, 2017

/s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE